# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WHITE, | Case No. CV 22-5216-RGK (JEM) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| OFFICE DEPOT, et al., | |
| Defendants. | |

## PROCEEDINGS

On July 20, 2022, Patrick White ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. §§ 1981, 1983 and 1985(1). On December 19, 2022, Plaintiff filed a First Amended Complaint ("FAC"). He names the following Defendants: Mathew (John Doe 1), David Russell, Claudia Steckler, and Office Depot. (FAC at 1.)[1]

---

[1] The Court refers to the pages of the Complaint and FAC as numbered by the CM/ECF system.

**ALLEGATIONS OF THE FAC**

Plaintiff alleges the following:

On January 15, 2022, Plaintiff, who is African-American, entered an Office Depot store and attempted to make copies of documents that were stored on his cell phone. An employee identified as Mr. Mathew, who is Hispanic, ordered Plaintiff to leave the store. Plaintiff asked to speak to the manager, and Mathew referred Plaintiff to David Russell, who is White. Plaintiff walked over to Russell, who asked for Plaintiff's cell phone. While Plaintiff was showing Russell the documents on his phone, Russell swiped his finger across the screen and deleted all of Plaintiff's documents. Russell falsely claimed that he had sent the documents via Plaintiff's email address. Plaintiff was told to leave the store. Plaintiff went out to his car to retrieve a pen and paper, and returned to write down both employees' names for future reference. As Plaintiff again exited the store, Mathew used racially disparaging language when telling Plaintiff not to come back to the store. Plaintiff has attempted to resolve his complaint through Office Depot customer service, but has been unsuccessful. On January 19, 2022, Plaintiff received an email from Office Depot employee Claudia Steckler, which contains false information and shows that Office Depot is attempting to cover up their misconduct. (FAC at 1-3.) The email from Steckler states that she is "sorry for the issue [Plaintiff] encountered recently" and that she would "forward '[his] concerns to the corresponding District Manager and Regional Sales Director for that store location." (Complaint at 7.)

Plaintiff seeks $10 million dollars in damages. (Id. at 6-7.)

**PLAINTIFF'S CLAIMS**

On the basis of these allegations, Plaintiff asserts the following claims for relief:

<u>First Cause of Action (42 U.S.C. §§ 1981, 1983)</u>: Defendant Mathew violated Plaintiff's First Amendment right to free speech and Fourteenth Amendment right to equal

protection when he told Plaintiff to leave the Office Depot store and directed Plaintiff to see the store manager David Russell. (FAC at 4.)

<u>Second Cause of Action (42 U.S.C. §§ 1981, 1983, 1985(1)</u>: Defendant Russell violated Plaintiff's Fourteenth Amendment right to equal protection, engaged in a conspiracy to obstruct justice, and engaged in reverse discrimination when he deleted the information on Plaintiff's cell phone. (FAC at 4.)

<u>Third Cause of Action (42 U.S.C. §§ 1981, 1983, 1985(1)</u>: All Defendants engaged in a conspiracy to cover up Mathew's and Russell's discriminatory actions against Plaintiff, in violation of Plaintiff's Fourteenth Amendment rights to due process and equal protection. (FAC at 5.)

<u>Fourth Cause of Action (Cal. Gov't Code § 815.2)</u>: Because Defendants Mathew, Russell, and Steckler were on duty at the time the acts and/or omissions were committed against Plaintiff, Defendant Office Depot is "vicariously liable" for their actions. (FAC at 5.)

## SCREENING STANDARDS

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the FAC to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. <u>Love v. United States</u>, 915 F.2d 1242 Plaintiff has now submitted the necessary paperwork and the initial partial filing fee, and the Court has

granted him permission to proceed in forma pauperis. 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be

dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds that the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

**II. SECTION 1983 CLAIMS**

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (same). The "definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).

The Supreme Court has clarified that "these two elements denote two separate areas of inquiry." Flagg Brothers v. Brooks, 436 U.S. 149, 155-56 (1978). As to the first element, because "most rights secured by the Constitution are protected only against infringement by governments," this requirement compels an inquiry into the presence of state action. Id. As to the second element, like the "state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Sullivan, 526 U.S. at 50 (internal citations omitted).

Thus, in order to state a claim under Section 1983, Plaintiff must allege facts demonstrating that each defendant acted under color of state law. See Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001). A defendant has acted under color of state law when

they have "exercised power 'possessed by virtue of state law and made possibly only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).  In general, private parties are not state actors.  Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). "When addressing whether a private party acted under color of law, [the court] . . . start[s] with the presumption that private conduct does not constitute governmental action."  Sutton v. Providence St. Joseph Medical Ctr., 192 F.3d 826, 835 (9th Cir. 1999).

Based on the facts alleged, it is clear that none of the Defendants were state actors or that they were acting under color of state law.  There is nothing before the Court that would allow the inference that Defendants' actions were "inextricably intertwined" with any state actors.  Rather, the facts alleged demonstrate that any actions by Defendants constituted private conduct.

Accordingly, Plaintiff cannot state a claim under Section 1983.

### III. SECTION 1985(1) CLAIMS

The facts alleged show that there was no violation of 42 U.S.C. § 1985(1), which prohibits conspiracy to prevent a federal officer from performing his or her duties.  See Canlis v. San Joaquin Sheriff's Posse Comitatus, 641 F.2d 711, 717 (9th Cir. 1981) (protection of Section 1985(1) extends "exclusively to the benefit of federal officers").  There are clearly no federal officers involved here.  Accordingly, Plaintiff cannot state a claim under Section 1985(1).

### IV. SECTION 1981 CLAIMS

Section 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . ." 42 U.S.C. § 1981(a). Section 1981 reaches both public and "purely private acts of racial discrimination."  Runyon

v. McCrary, 427 U.S. 160, 170 (1976); see also 42 U.S.C. § 1981(c) ("The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.").

To state a prima facie case of discrimination under section 1981, Plaintiff must "show that: (1) he is a member of a protected class, (2) he attempted to contract for certain services, and (3) he was denied the right to contract for those services." Lindsey v. SLT Los Angeles, LLC, 447 F.3d 1138, 1145 (9th Cir. 2005) (citations omitted).

As to the first element of a Section 1981 claim, Plaintiff states that he is African-American and, therefore, he is a member of a protected racial class. As to the second and third elements, he appears to allege that he attempted to contract for services (making copies) on January 15, 2022, but was denied the right to do so by Russell and Mathew. He has alleged some facts that could give rise to an inference that this denial was because of his race. Thus, for purposes of screening only, it appears that Plaintiff has alleged sufficient facts against Russell and Mathew to state a claim under Section 1981. It does not appear, however, that he has stated a claim against Claudia Steckler. Although Steckler sent Plaintiff an email in response to his requests to have Office Depot investigate the incident, there are no facts alleged demonstrating that Steckler was involved in the incident in the Office Depot store on January 15, 2022, and, therefore, there are no facts alleged demonstrating that Steckler denied Plaintiff the right to obtain copying services. Rather, the email from Steckler to Plaintiff, which is attached to the Complaint, merely states that Steckler is "sorry for the incident [Plaintiff] encountered recently" and that she would "forward [his] concerns to the corresponding District Manager and Regional Sales Director for that store location." (Complaint at 7.) Plaintiff appears to base his claim against Steckler on the disparity in store numbers listed on the email and a store number apparently listed on the Office Depot website. This is plainly insufficient to establish Steckler's liability under Section 1981. If Plaintiff chooses to file an amended complaint, he should not sue

Steckler unless he can truthfully allege facts demonstrating her personal liability under Section 1981.

\* \* \* \*

For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed herein.  Plaintiff should evaluate whether the facts can support a valid legal claim.  In particular, the facts alleged by Plaintiff appear to demonstrate that he cannot state a claim pursuant to Sections 1983 or 1985(1).

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment, or document.  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

Plaintiff is advised that he should not assert claims for which he lacks factual and legal support.  Rather, he should only assert a particular claim if he can truthfully allege facts that would demonstrate a constitutional violation by a particular Defendant under the standards set forth above.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: December 28, 2022              /s/ John E. McDermott
                                                              JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE